# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14CR007 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| GARLAND THOMPSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Garland Thompson ("Thompson"), a federal prisoner, moves for the appointment of counsel to assist him with filing a motion for a reduction of sentence under § 404 of the First Step Act of 2018. (Doc. No. 620 ["Mot."].) The United States of America (the "government") has filed a notice of ineligibility. (Doc. No. 621 ["Not."].) Because Thompson is ineligible for a sentence reduction under the First Step Act, the Court DENIES his motion for counsel.

On July 3, 2014, Thompson entered a plea of guilty to Count One of the indictment, charging Thompson with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), at 846. On August 28, 2014, the Court sentenced Thompson to a term of imprisonment of 130 months. (Doc. No. 285 (Judgment).)

A federal court's authority to modify a defendant's prison sentence is expressly limited by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). According to 18 U.S.C. §

3582(c), a court may only modify the terms of an imposed sentence: (1) upon motion of the Director of the Bureau of Prisons (the "BOP"); (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the defendant's term of imprisonment is based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

Thompson seeks the appointment of counsel for the purpose of preparing a motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, signed into law on December 21, 2018. Section 404 of the Act retroactively applies certain sentencing reforms provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack") offenses in the Fair Sentencing Act to "covered offenses" committed before August 3, 2010. The court that imposed a sentence for a covered offense may impose a sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

Because Thompson was sentenced in 2014, almost four years after the enactment of the Fair Sentencing Act, and because his sentence did not involve cocaine base, but rather conspiracy to distribute and possess with intent to distribute heroin, the Court would lack the jurisdiction to modify his sentence under the First Step Act. *See, e.g. United States v. Bishop*, No. 10-cr-30166-JPG, 2019 WL 1377020, at *2 (S.D. Ill. Mar. 27, 2019) (because defendant was convicted of a drug offense involving heroin, rather than crack cocaine, the First Step Act did not

authorize a reduction in his sentence). Given that there is no statutory authority by which the Court could modify Thompson's sentence, his motion for the appointment of counsel is DENIED.

**IT IS SO ORDERED**.

Dated: August 6, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**